United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Edward Blasini, Plaintiff<br><br>v.<br><br>Western World Insurance<br>Company, Defendant. | Civil Action No. 21-23261-Civ-Scola |

**Order Denying Motion to Remand**

Plaintiff Edward Blasini asks the Court to remand this insurance coverage dispute back to state court. (Mot., ECF No. 3.) Defendant Western World Insurance Company ("Western World") opposes the motion. (Resp. in Opp'n, ECF No. 4.) Blasini timely replied. (Reply, ECF No. 6.) After careful consideration of the parties' arguments, the relevant authorities, and the record, the Court **denies** Blasini's motion to remand. **(ECF No. 3.)**

**1. Background**

This is a civil action originally filed in April 2021 in the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida. (Compl., ECF No. 1-1.) In the Complaint, Blasini sought damages for breach of contract based on an insurance policy issued by Western World. (*Id.*) The complaint does not allege the amount of damages Blasini seeks; rather, the civil cover sheet indicates that his claim ranges between $50,000 and $75,000. (*Id.*) On August 11, 2021, Blasini, through his counsel, sent an email stating his demand for damages, including attorney's fees, in the amount of $81,922.64. On September 9, 2021, Western World filed its Notice of Removal (ECF No. 1) to remove the action to this division.

Western World claims that this Court has jurisdiction based on diversity of citizenship—the action is between citizens of different states—and the amount in controversy exceeds $75,000. (Not. of Removal, ECF No. 1 at 2–3.) To satisfy the amount in controversy, Western World relies on (1) Blasini's global demand in the amount of $81,922.64, inclusive of attorney's fees, (2) Blasini's sworn proof of loss claiming a loss in the amount of $69,422.64, and (3) Blasini's $71,922.64 damages estimate (Resp. in Opp'n, ECF No. 4 at 2.) Western World reasons that Blasini's claim for attorney's fees and costs at the time of removal was $10,000 or $12,500 by using the following formula: "The global demand ($81,922.64) less the amount in the Sworn Statement in Proof of Loss ($69,422.64), which is the estimate ($71,922.64) less the

applicable deductible ($2,500.00)." (*Id.* at 2 n.2)

Blasini does not contest that there is complete diversity of citizenship between the parties. Rather, Blasini argues that the Court lacks jurisdiction over this matter because the amount in controversy is below $75,000. (Mot., ECF No. 3 at 4.) Blasini argues that he "specifically alleged an amount of damages less than [$75,000], so in this case the defendant must prove 'to a legal certainty' that the amount in controversy actually exceeds $75,000." (*Id.*) Blasini contends that Western World has not satisfied this heavy burden because his estimate and proof of loss are for losses amounting to less than the necessary amount in controversy. Additionally, Blasini argues that attorney's fees should not be counted because in its answer and affirmative defenses, Western World denied that it would have to compensate Blasini for his attorney's fees. (*Id.* at 6.) Blasini also notes that even accepting Western World's formula for calculating the amount in controversy, the deductible for the damage claims is $7,410.00, bringing the amount in controversy to $74,512.64. (Reply, ECF No. 6 at 1.)

In opposition, Western World argues that it is not required to show to a legal certainty that the amount of controversy exceeds $75,000. (Resp. in Opp'n, ECF No. 4 at 4.) Instead, it must show the requisite amount in controversy by a preponderance of the evidence, which it claims it has done through the evidence of Blasini's global demand and estimate for the claimed loss. (*Id.*)

### 2. Legal Standard

Federal courts are courts of limited jurisdiction. *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 239 F.3d 805, 807 (11th Cir. 2003). A civil action may be removed from state court to federal district court if the action is within the "original jurisdiction" of the federal court. 28 U.S.C. § 1441(a). Original jurisdiction exists when a civil action raises a federal question or where the action is between citizens of different states and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332. Western World removed this action based upon diversity jurisdiction and therefore has the burden to prove by a preponderance of the evidence that federal jurisdiction exists. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010) (citing *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1268 n.12 (11th Cir. 2009)).

The parties dispute whether the amount in controversy in this action exceeds $75,000.00, as required by Section 1332(a). Where, as in this case, the complaint alleges an unspecified amount of damages, "the district court is not bound by the plaintiff's representations regarding its claim," and may review the record for evidence relevant to the amount in controversy. *Roe v. Michelin*

*N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010). The jurisdictional requirements of removal do not limit the types of evidence that may be used to satisfy the preponderance of the evidence standard, and defendants may introduce their own "affidavits, declarations, or other documentation" to meet their burden. *Pretka*, 608 F.3d at 755. As noted above, Western World submits the following evidence: (1) Blasini's global demand in the amount of $81,922.64; (2) Blasini's damages estimate in the amount of $71,922.64; and (3) Blasini's sworn proof of loss in the amount of $69,422.64.

### 3. Analysis

Blasini did not allege a specific number of damages in his complaint, and simply noted on the civil coversheet that his damages range between $50,001 and $75,000. Consequently, Western World must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement of $75,000. The Court finds that Western World has satisfied its burden.

Western World essentially argues that because Blasini's post-suit demand, which is inclusive of attorney's fee, exceeds $75,000, the Court has jurisdiction over this matter. In support of its argument, Western World submits a demand email dated August 11, 2021, which states:

> Good afternoon Mr. Fernandez [counsel for Western World]. As per our [conversation], after reviewing the estimate as of right now our global demand is $81,922.64. Attached is the estimate.

(Plf. Demand Email, ECF No. 1–2.) District courts may consider settlement demand emails in determining whether the amount in controversy is satisfied. *Gillinov v. Hillstone Rest. Grp., Inc.*, 92 F. Supp. 3d 1251, 1254 (S.D. Fla. 2015) (Dimitrouleas, J.); *see also Coopersmith v. Scottsdale Ins. Co.*, No. 18-CV-23382, 2019 WL 1252627, at *2 (S.D. Fla. Mar. 19, 2019) (Gayles, J.). Courts analyze whether the demand for settlement constitutes "puffery or posturing," or whether the demand communication contains specific information to support the plaintiff's claim for damages and thus, offers a reasonable assessment of the value of the claim. *Id.*

Here, it appears that the demand email is premised exclusively on the estimate amount plus attorney's fees. The Court finds that the settlement demand is reasonably supported by Blasini's estimate of damages, which is referenced in the correspondence and attached to the complaint. Moreover, upon review of the record, including the demand email, the estimate, and the sworn proof of loss, the Court finds that Western World has provided sufficient information to show a reasonable assessment of the value of Blasini's claim. *Coopersmith v. Scottsdale Ins. Co.*, No. 18-CV-23382, 2019 WL 1252627, at *2

(S.D. Fla. Mar. 19, 2019) (Gayles, J.) (finding that the defendant insurance company had shown that the plaintiff's claim exceeded the required amount in controversy through a settlement demand email, estimate, and other correspondence). The Court also notes that counsel for Blasini did not open the door for counteroffers nor signal that this was the initial of many offers. *Compare with Dennis v. Geovera Specialty Ins. Co.*, No. 6:21-CV-335-JA-EJK, 2021 WL 1345996, at *2 (M.D. Fla. Apr. 12, 2021) (granting motion for remand because the demand email did not provide how the plaintiff reached his demand and requested counteroffers indicating that the demand was "merely an initial volley in the settlement process").

Blasini argues that the Court should not consider his demand for attorney's fees (included in his global demand) because in its answer and affirmative defenses, Western World denied owing Blasini any attorney's fees. Blasini does not cite to any authority supporting his argument and thus, the Court will not overlook Blasini's demand for attorney's fees when considering the amount in controversy. Notably, Blasini does not dispute that his request for attorney's fees was the difference between the sworn proof of loss and the global demand.

Attorney's fees as calculated at the time of removal may be included in the amount in controversy. *See Hannat v. USAA Gen. Indem. Co.*, No. 17-CV-21754, 2017 WL 4712667, at *2–3 (S.D. Fla. Oct. 19, 2017) (noting that "the Eleventh Circuit has held that the amount in controversy must exceed $75,000 at the time of removal" and "only attorney's fees incurred prior to removal count toward the amount in controversy"). The Court may use its reason and experience when considering how much reasonable attorney's fees would be at the time of removal. *Roe*, 613 F.3d at 1064; *Coopersmith*, 2019 WL 1252627, at *3.

At the time of removal, the suit had been pending for nearly four months and settlement negotiations had begun. *Coopersmith*, 2019 WL 1252627, at *3. Additionally, the settlement communication was clear in that counsel for Blasini had only relied on the estimate to calculate the global demand, thus, the attorney's fees, at the time of removal, were approximately the difference between the estimate ($71,922.64) and the global demand ($81,922.64).

Lastly, Blasini argues that the amount of controversy could not be met because the deductible had not been applied and thus, the damages owed to him should be reduced by $7,410.00. (Reply, ECF No. 6 at 1.) However, neither the sworn proof of loss nor the estimate take into consideration this deductible. Moreover, whether Blasini's global demand included the deductible is not dispositive for the same reasons the Court considered the demand email in its determination of the amount in controversy.

### 4. Conclusion

Because Western World has provided sufficient evidence to show that Blasini's estimated damages exceed $75,000, this Court finds that the required jurisdictional amount under 28 U.S.C. § 1332 is satisfied and therefore Blasini's motion to remand is **denied. (Mot., ECF No. 3.)**

**Done and Ordered**, at Miami, Florida, on December 8, 2021.

_____
Robert N. Scola, Jr.
United States District Judge